Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Patrick J. Cashman
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>    vs.<br><br>RODERICK D. SHANKS,<br><br>                Defendant. | 2:21-CR-00135-SAB-1<br><br>United States' Sentencing Memorandum |

Plaintiff, United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and Patrick J. Cashman, Assistant United States Attorney for the Eastern District of Washington, submits the following sentencing memorandum:

        I.    <u>Objections to Pre-Sentence Investigation Report</u>

The United States had no objections to the United States Probation Office's Pre-Sentence Investigation Report ("PSIR"). (ECF Nos. 29, 40, and 41).

The Defendant filed objections to the PSIR arguing the specific offense characteristic for possession of a firearm pursuant to USSG §2D1.1(b)(1) was inapplicable. ECF No. 34. The United States filed a response arguing the specific offense characteristic is applicable. ECF No. 35.

//
//

United States' Sentencing Memorandum- 1

## II. Departures

The United States does not seek an upward departure or variance from the Advisory Guideline range.

The United States submits that a downward departure, pursuant to USSG §5K2.0, is not appropriate in this case.

## III. 18 U.S.C. § 3553(a) Factors

The United States respectfully submits that a sentence of 30 months incarceration, followed by a 3-year term of supervised release, would be a "reasonable" sentence under the facts and circumstances of this case and would not be greater than necessary to promote the purpose and policy of the Federal Sentencing Act, 18 U.S.C. § 3553(a). A sentence of 30 months, if accepted by the Court, would constitute a low-end guideline sentence. The United States' assertion is based upon the Court accepting the United States' adjusted offense level calculation.

The nature and circumstances of this case warrant a sentence of 30 months. The Defendant engaged in two controlled distributions of Fentanyl to a Drug Enforcement Administration (DEA) confidential informant, totaling 60 Fentanyl pills. Fentanyl is currently ripping apart communities, including Spokane. Recent news articles have highlighted the severity of Fentanyl usage in Spokane, with one article indicating Spokane having a 186% increase in Fentanyl-related deaths between 2020 and 2021.[1] Additionally, drug offenses often lead to other criminal acts, particularly involving property crimes. The Defendant's distribution of controlled substances fostered the continued growth of this criminal economy. In addition to fostering the drug trafficking economy in Spokane, the Defendant possessed a firearm. While

---

[1] *Feds announce major seizure of fentanyl, guns off streets of Spokane*, Melissa Luck, https://www.kxly.com/feds-announce-major-seizure-of-fentanyl-guns-off-streets-of-spokane/#:~:text=The%20DEA%20has%20designated%20Spokane,deaths%20between%202020%20and%202021 (last accessed June 21, 2022).

United States' Sentencing Memorandum - 2

distribution of controlled substances is an extremely risky and dangerous act, the combination of drugs and firearms only heightens the dangerousness. A sentence of 30 months appropriately reflects the gravity of the Defendant's actions.

A review of the Defendant's criminal history and characteristics further supports a sentence of 30 months. The Defendant is 31 years old, yet in his short life he has amassed a criminal history making him a criminal history category V. Beginning at the age of 20, the Defendant has continuously engaged in criminal acts. At the age of 20, the Defendant was convicted of Second-Degree Assault Substantial Bodily Harm and Second-Degree Robbery, he was sentenced to one year and a day in prison. At 22, the Defendant was convicted of Assault Domestic Violence. The Defendant further has repeated convictions for violations of domestic violence protection orders, as well as a conviction of criminal mischief domestic violence. The Defendant warrants a sentence that is sufficiently greater than any previous sentences as those sentences have not sufficiently deterred him from continuously engaging in criminal acts. This factor warrants a sentence of 30 months.

A sentence of 30 months will also meet the principles of general and specific deterrence. While the amount of Fentanyl distributed in this case was sixty pills, a sentence of 30 months will send a strong warning to those that distribute even small amounts of Fentanyl that the sanction for such behavior is stringent. Moreover, a sentence of 30 months will remove the Defendant from the community and limit his ability to engage in this conduct while incarcerated. Additionally, the goals of specific deterrence are met by a 30 month sentence because it will give the Defendant the time and opportunity to avail himself of the many vocational and educational training programs offered by the Bureau of Prisons, which will help the Defendant become a productive member of society upon his release.

### IV.    Conditions of Supervised Release

The United States recommends a three-year term of supervised release is appropriate as it is the one mechanism the Court has to ensure the Defendant complies

United States' Sentencing Memorandum- 3

with its orders. Supervised release, if used appropriately, is one of the strongest rehabilitative tools available to Defendants. Three years of supervision will give the Defendant the benefit of working with a United States Probation Officer to ensure he is attending any recommended or required treatment, to assist in finding educational and vocational opportunities. Similarly, supervision can act as a deterrent for future crime as a violation of the conditions may warrant or result in an additional prison sentences. It is up to the Defendant to ensure he becomes a productive member of society again, however, a three-year term of supervision can assist.

The United States has no objections to the proposed mandatory and standard conditions of supervised release proffered by the United States Probation Office.

## V.     Conclusion

The United States believes a sentence of 30 months, followed by a 3-year term of supervision is justified under 18 U.S.C. § 3553(a) and believes that it is an appropriate and reasonable sentence.

DATED: June 22, 2022.

> Vanessa R. Waldref
> United States Attorney
>
> *s/ Patrick J. Cashman*_____
> Patrick J. Cashman
> Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following, and/or I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant(s):

Lorinda Youngcourt:  lorinda_youngcourt@fd.org

*s/ Patrick J. Cashman*
Patrick J. Cashman
Assistant United States Attorney

United States' Sentencing Memorandum- 5